## BOYCE v. CITY OF BRINKLEY.

### Opinion delivered March 10, 1913.

EVIDENCE—HEARSAY TESTIMONY.—When defendant is charged with
selling liquor in violation of a city ordinance, testimony by the
town marshal in answer to the question, why he arrested defend-
ant, "that six or eight persons told him that defendant was selling
whiskey right along" is hearsay testimony and incompetent.

Appeal from Monroe Circuit Court; *Eugene Lank-
ford,* Judge; reversed.

*C. F. Greenlee,* for appellant.

Hearsay evidence is not admissible. 6 Enc. Ev., 443;
16 Cyc. 1195; 10 Ark. 638; 16 *Id.* 628. The judgment
should be reversed.

No brief for appellee.

WOOD, J. The appellant was convicted of selling
liquor in violation of an ordinance of the city of Brink-
ley. The testimony tended to show that appellant sold
whiskey in violation of the ordinance of the city. Ap-
pellant testified that he had not sold any whiskey. Wit-
ness L. C. Owen testified as follows: I am marshal of
the City of Brinkley, and was Marshal in August, 1911.
I made affidavit against defendant on August 25, 1911,
and arrested him on that day. Witness was asked the
following question: "Why did you arrest the defendant?"
The defendant objected to the question. The court over-
ruled the objection, and witness answered as follows:
"Well, six or eight persons told me defendant was sell-
ing whiskey right along, and I was going to inquire of
Will Grant if he had not bought whiskey from defend-
ant." The answer was objected to, and the court over-
ruled the objection, and defendant duly saved his ex-
ceptions.

The admission of this testimony is made the prin-
cipal ground of the motion for a new trial. The court
erred in allowing the witness to testify that six or eight
persons told him "defendant was selling whiskey right
along." The testimony was hearsay evidence and was

therefore incompetent. It was prejudicial to appellant. The court erred in not excluding it. *State* v. *Wooddy,* 10 Ark. 638; *Sadler* v. *Sadler,* 16 Ark. 628; 16 Cyc. p. 1195; Enc. Ev. vol. 6, p. 443.

The judgment is reversed and the cause remanded for a new trial.